Mr. Justice Thotteb.
stated the case, and delivered the opinion of the court.
The object of the bill is to compel Mrs. Calvit to levy her debt equally on the property of Wm. F. Markham and Peter C. Goosey, the two original and principal debtors, by which means the rights of the other creditors of Wm. F. Markham may have the benefit of their security under the trust deeds. And the power of the court to make this order is urged upon the doctrine which prevails in equity, that if a party has a lien on or interest in two funds for a debt, and another party has a lien on, or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the .first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties. That this is the rule in equity there can be no doubt, and it is so laid down in express terms by Judge Story in his Commentaries on Equity, vol. 1, p. 588, and in the case of Dorr v. Shaw, 4 J. Ch. Rep. 17. This is consistent with the claims of justice, and secures both parties. Thus if there are two judgment creditors, and one has a right to go upon two funds? and' the other only upon one of them, the former may be compelled ■to apply first to the fund which cannot be reached by the latter.
This being an undoubted rule, the only question for the consideration of the court is, whether the case before us comes under its operation. The rule has been held to apply only to parties who in seeking this aid, are creditors of the same common debtor; for if they are not, they are not entitled to have the funds mar-shalled, in order to leave a larger dividend out of one of the funds, who can claim only against that. 1 Story’s Eq. 595. Thus if a joint creditor obtains a judgment against joint debtors, and a several creditor obtains a subsequent judgment against his own several debtor, a court of equity will not compel the joint creditor to resort to the funds of one of the joint debtors, so as to leave the second judgment in full force against the funds of the other several debtor. At least it will not do so unless it should appear that the debt though joint in form, ought to be paid by one of the debtors only. Ibid. Thus in the case Ex parte Kendall, 17 Vesey, 520, there was a partnership of five persons, one of whom *431 died, and the other four partners continued the partnership, and afterwards became bankrupt. The creditors of the four surviving partners sought to have the debts of the five paid out of the assets of the deceased partner, so that the dividend of the estate of the four bankrupts might be thereby increased in favor of their exclusive creditors, without showing that the assets of the deceased partner, ought, as between the partners, to pay those debts. The court refused the relief. This case goes upon the principle that the joint creditor, is not compellable to yield up his remedy against either of his debtors, since he has a right to stand upon the letter and spirit of his contract. In such case each debtor is equally bound for the debt, in equity and justice, and hence a court of equity can upon no principle change the responsibility from both to one. This case is in principle the case at bar. For surely if the responsibility cannot be changed as to the whole, it cannot as to part. And if the court was to undertake to compel a rateable contribution, by each joint debtor, by suspending the execution, it would be in effect to convert the decree which is joint, into one which is several.
In this case it is not shown that as between Wm. F. Markham and Peter C. Goosey, the former has any right to insist that Goosey ought to pay in the first instance, as would be the case if he were a surety merely. Nor is it shown that Markham can, for his own sake, compel Mrs. Calvit to seek payment from Goosey. For it appears to be well settled that the creditors who seek this aid of a court of equity, can only claim it through the equity of the debtor or partner, under whom their title is derived. 1 Story’s Eq. 598. But it cannot for a moment be supposed that Wm. F. Markham, one of the partners, could be heard in a court of equity to claim contribution of Goosey in the. manner of the present bill. That is a question to be adjusted as one entirely between themselves, and with which Mrs. Calvit has no concern, nor can she in any case be made a party to a proceeding to try it. How far as between themselves one may be liable to the other for contribution is a question which will have to be decided after a full and final adjustment of the partnership accounts. If this cannot be effected by a voluntary agreement, it may have to be done by a proceeding in chancery. For this purpose a protracted *432 course of litigation may be necessary. But is Mrs. Calvit to be tied up and denied her acknowledged claims upon them during all this while? Surely it cannot be maintained that this can be done. The doctrine upon which assets or securities are mar-shalled, is in utter hostility to such an application of the rule. The purpose of the rule is to do justice to all persons who have an interest in the different funds or securities, and to prevent one who has a lien on two of the funds, from using his power as an instrument of caprice, injustice or imposition. 1 Story’s Equity, 528, It is never applied except where it can be done without injustice to the other creditor or party in interest. Ib.
' We therefore feel satisfied with the decree of the Chancellor, and must order the same to be affirmed.